UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

ISRAEL BRANDON,

   Plaintiff,

v.

File No: 2:08-CV-152

HON. ROBERT HOLMES BELL

DAVID BERGH, et al.,

   Defendants.
           /

## MEMORANDUM OPINION AND ORDER APPROVING AND ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

  On July 31, 2009, Magistrate Judge Timothy P. Greeley issued a Report and Recommendation ("R&R") recommending that Defendants' motions for summary judgment (Dkt. Nos. 46, 103) be granted in part and denied in part. (Dkt. No. 129, R&R). Plaintiff filed objections to the R&R on August 17, 2009. (Dkt. No. 130.)

  This Court is required to make a *de novo* determination of those portions of the R&R to which specific objection has been made, and may accept, reject, or modify any or all of the Magistrate Judge's findings or recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

  Plaintiff objects to the R&R because it recommends granting summary judgment prior to a ruling on Plaintiff's motion to compel discovery. (Dkt. No. 113.) "[A] general objection to a magistrate's report, which fails to specify the issues of contention, does not satisfy the

requirement that an objection be filed. The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious." *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995). Plaintiff has not identified how the denial of discovery affected any particular aspect of the R&R. Plaintiff merely suggests that discovery could have helped Plaintiff's theory of the case. This general and hypothetical objection does not require action by this Court.

Plaintiff's second objection is to the R&R's conclusion that Plaintiff presented insufficient evidence to create an issue of fact as to the causal-connection prong of Plaintiff's First Amendment retaliation claim against Defendant Masters. Plaintiff contends that the R&R failed to consider his supporting circumstantial and indirect evidence of temporal proximity. (*See* Dkt. No. 118, Brandon Aff. ¶¶ 60-70, 74; Dkt. No. 126, Brandon Suppl. Decl. ¶ 5 (a)-(h).) Contrary to Plaintiff's assertions, the Magistrate Judge did consider this evidence. In fact, he quoted from Plaintiff's supplemental declaration in the R&R. (R&R 8.) The remaining allegations in the affidavit and declaration do not add any facts that would strengthen Plaintiff's allegation that Defendant Masters's adverse action was motivated by Plaintiff's protected conduct.

Plaintiff relies on *Muhammad v. Close*, 379 F.3d 413 (6th Cir. 2004), in support of the proposition that his showing of temporal proximity alone was significant enough to constitute indirect evidence of causal connection so as to create an inference of retaliatory motive against Defendant Masters. Contrary to Plaintiff's assertions, *Muhammad* does not

stand for the proposition that temporal proximity alone is sufficient to create an issue of fact as to retaliatory motive. In *Muhammad* the Sixth Circuit did not resolve the issue, but merely observed that "temporal proximity alone **may be** 'significant enough to constitute indirect evidence of a causal connection so as to create an inference of retaliatory motive.'" *Id.* at 418 (quoting *DiCarlo v. Potter*, 358 F.3d 408, 422 (6th Cir. 2004) (emphasis added). Even if temporal proximity may in some cases create an issue of fact as to retaliatory motive, it would only be sufficient if the evidence was "significant enough." Plaintiff's conclusory and ambiguous evidence is not "significant enough" to create an issue of fact as to retaliatory motive.

Plaintiff's third objection is to the R&R's recommendation that Plaintiff's Eighth Amendment claim against Defendants Bergh, DeShambo, Bobo, Bauman, McBurney, Carberry, Adams, Hursh, Belusar and Lee be dismissed because Plaintiff failed to allege facts establishing that these Defendants were personally involved in the alleged contamination of Plaintiff's food. (R&R 9-10.) Plaintiff does not challenge the finding that he failed to allege that these supervisory Defendants were personally involved in the contamination of his food. Instead, he contends that the Magistrate Judge failed to consider his alternative theory that these Defendants are liable based upon their deliberate indifference to what other employees were doing to the prisoners in segregation. Plaintiff alleged in his amended complaint that based on institutional records and reports, including grievances, complaints, misconduct reports, investigations, emails, and logbook entries, these supervisory Defendants were aware

3

of the pattern of abuse of segregation prisoners through their food, and that their failure to curb the abuses amounted to deliberate indifference in violation of Plaintiff's Eighth Amendment rights. (Dkt. No. 56, Proposed Am. Compl. ¶¶ 32-35, 48.)

In *Lewellen v. Metro. Gov't*, 34 F.3d 345 (6th Cir. 1994), the Sixth Circuit observed that the Supreme Court in *Collins v. City of Harker Heights*, 503 U.S. 114 (1992), had left open the possibility that deliberate indifference may be an alternative to respondeat superior liability. *Lewellen*, 34 F.3d at 35. Even if such a theory exists in the abstract, it does not apply in this case. At least in the conditions of confinement context, to be found liable under the Eight Amendment, a prison official must "both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Plaintiff has not alleged facts from which an inference can be drawn that these supervisory Defendants were both aware of facts from which an inference could be drawn that guards were engaging in food abuses amounting to an Eighth Amendment violation and that they also drew that inference. Accordingly, the Court agrees with the Magistrate Judge that Plaintiff's claims against these supervisory Defendants are properly dismissed.

Plaintiff's fourth objection is to the Magistrate Judge's conclusion that Plaintiff failed to state a claim with regard to Defendant Eyke, the prison psychologist. The Magistrate Judge concluded that there is no evidence that Eyke was deliberately indifferent to Plaintiff's complaint because he advised Plaintiff to go through the grievance process to resolve his

food contamination complaint. Plaintiff contends that even if Eyke's advice was reasonable on June 30, it could not be deemed reasonable two weeks later when it was apparent that the food attacks had not abated and Plaintiff was refusing food. Upon review, the Court concludes that Plaintiff's contention that Eyke was subjectively aware that Plaintiff was suffering from a "substantial risk of serious harm" is not supported by the record. The Court accordingly agrees with the R&R that Defendant Eyke is entitled to summary judgment.

Plaintiff's fifth and final objection is to the Magistrate Judge's conclusion that Defendant nurses Hite and Monroe are entitled to summary judgment on Plaintiff's denial of medical treatment claim. In support of his objection Plaintiff relies on the fact that he produced evidence directly contradicting Defendants' evidence that he refused treatment. (Brandon Suppl. Decl. ¶ 6.) Even if there is a question of fact as whether Plaintiff refused treatment, this question is not material because the primary basis for the Magistrate Judge's recommendation is that differences in opinion between the nurses and Plaintiff as to what medical tests were necessary does not constitute an Eighth Amendment violation. The Court agrees with this reasoning. Accordingly,

**IT IS HEREBY ORDERED** that the July 31, 2009, R&R (Dkt. No. 129) is **ADOPTED** as the opinion of the Court.

**IT IS FURTHER ORDERED** that Defendants' motions for summary judgment (Dkt. Nos. 46, 103) are **GRANTED IN PART** and **DENIED IN PART**. The motions are granted as to Defendants Bergh, Bauman, DeShambo, Bobo, McBurney, Carberry, John Adams,

Hursh, Blusar, Lee, Eyke, Monroe, and Hite, and denied as to Defendants Richardson, Steve Adams, Fleury, Wickwire, Sabin, Kennedy, Masters, Monticello, Heidtman, and Salo.

**IT IS FURTHER ORDERED** that **JUDGMENT** is entered in favor of Defendants Bergh, Bauman, DeShambo, Bobo, McBurney, Carberry, John Adams, Hursh, Blusar, Lee, Eyke, Monroe, and Hite.

Dated: January 16, 2010                     /s/ Robert Holmes Bell
                                            ROBERT HOLMES BELL
                                            UNITED STATES DISTRICT JUDGE